# EXHIBIT "A"

# PART 3 OF 5

| Plaintiffs Complaint | Case: |
|---|---|

(60)  Plaintiffs were not provided with this information within the thirty (30) days specified under the statute, therefore, Defendants COUNTRYWIDE, BAC and BOA are in direct violation of the Helping Families Save Their Home Act of 2009. (**15 U.S.C. 1641(g)**)

**WHEREFORE**, for all the reasons set forth in the above paragraphs, the Plaintiffs seek damages as defined in **15 U.S.C. 1641(d)(2)(b)** for the amount of all remaining indebtedness <u>AND</u> the total amount paid by the consumer in connection with the transaction.

**COUNT IV**
**QUIET TITLE TO 7922 S CLARKSON COURT, TUCSON, ARIZONA 85765**

(61)  Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

(62)  Plaintiffs now sue for quiet title to 7922 S Clarkson Court, Tucson, Arizona 85765, pursuant to A.R.S. §12-1101, et al.

(63)  Plaintiffs assert this claim to establish their title against the adverse claims of Defendants and all Jane and John Does that may or may not have a supposed interest in the title to the Plaintiffs' marital estate.

(64)  Plaintiffs define Jane and John Does as anyone who may have any supposed interest in Title.

(65)  Plaintiffs believe that, given the current state of this economy (which is rife with fraud) that there could be other fraudulent parties, outside of Defendants that may assert ownership.

(66)  Plaintiffs, though wary of fraud, welcome the appearance of the true Original Note Holder.

(67)  Jurisdiction and Venue are proper because the Property in question, for which quiet title is sought, is located within the County of Pima.

(68)  Plaintiffs have filed a ***Lis Pendens*** as required by law with the County Clerk.

(69)  Plaintiffs identify the property as 7922 S Arizona 85050, as being legally described as:

> **Lot 133, of VISTA MONTANA ESTATES PHASE ONE, according to the Map or Plat thereof of record in the office of the county recorder, Pima County, Arizona, in book 58 of Maps and Plats at page 96 thereof and as amended by declaration of scrivener's error recorded in Docket 12773 at Page 5485.**

(70)  Plaintiffs reserve the right to amend this Complaint for Quiet Title.

(71)  Plaintiffs pray that the Court will hold a hearing to examine into and determine Plaintiffs' Claims against all of the Defendants, and that upon Final Trial-by-Jury, that the Court will

| Plaintiffs Complaint | Case: |
|---|---|

1  award Plaintiffs quiet title to their property, the subject of this lawsuit, ordering that all encumbrances

2  and liens, be ordered stricken and removed from the public property records of Arizona, or else

3  expunged and marked as VOID if otherwise required to remain in the public property records of each

4  relevant county.

5      (72)   Plaintiffs pray for Quiet Title to 7922 S Clarkson Court, Tucson, Arizona 85765 as

6  against all Defendants.

7      (73)   Plaintiffs are credibly informed and believe that the Defendants who are attempting to

8  foreclose -- COUNTRYWIDE, BAC, BOA, MERS, RECONTRUST, DVOREN, and NEUMEYER

9  -- are making, in their foreclosure conduct and action, claims adverse to Plaintiffs.

10      (74)   Plaintiffs pray for establishment of plaintiff's estate and that Defendants be barred and

11  forever estopped from having or claiming any right or title to the premises adverse to Plaintiffs.

12      **WHEREFORE**, for all the reasons set forth in the above paragraphs, the Plaintiffs seek Quiet

13  Title to the property located at 7922 S Clarkson Court, Tucson, AZ 85776.

14
15
16

### COUNT V
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692

17
18      (75)   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

19      (76)   Plaintiffs are consumers within the meaning of the FDCPA, **15 U.S.C. §1692a(3).**

20      (77)   Defendants RECONTRUST and CAVE are "debt collectors" within the meaning of

21  the FDCPA, **15 U.S.C. §1692a(6).**

22      (78)   Defendants MICHAEL B. DVOREN ("DVOREN") and COREE E NEUMEYER

23  ("NEUMEYER") are also "debt collectors" acting as counsel for Defendants RECONTRUST and

24  CAVE and fall within the meaning of the FDCPA, **15 U.S.C. §1692a(6).**

25      (79)   Defendants RECONTRUST, CAVE, DVOREN, and NEUMEYER, have violated the

26  FDCPA and Plaintiffs civil rights. Defendant's violations include, but are not limited to, the

27  following:

28
29          (a)   violation of **15 U.S.C. §1692e(2)** by falsely representing the character, amount, or legal status of any debt.

30
31
32
33
34          (b)   violation of **15 U.S.C. §1692e(8)** by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

35

| Plaintiffs Complaint | Case: |
| --- | --- |

1   (c)   violation of **15 U.S.C. §1692e(10)** by the use of any false
2   representation or deceptive means to collect or attempt to collect any
3   debt or to obtain information concerning a consumer.

4
5   (d)   violation of **15 U.S.C. §1692f(1)** by the collection of any
6   amount (including any interest, fee, charge, or expense incidental to
7   the principal obligation) unless such amount is expressly authorized by
8   the agreement creating the debt or permitted by law.

9
10   **WHEREFORE**, for all the reasons set forth in paragraphs 1 thru 107 inclusive, Plaintiff

11   demands judgment for damages against Defendants RECONTRUST, CAVE, DVOREN, and

12   NEUMEYER for actual or statutory damages, and punitive damages, attorney's fees and costs,

13   pursuant to **15 U.S.C. §1692k**.

14                                              **COUNT VI**
15   **VIOLATION OF ARIZONA DEBT COLLECTION AND CONSUMER PROTECTION**
16                    **STATUTES TITLE 20, CHAPTER 4, ARTICLE 15**

17
18   (56)   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

19   (57)   Plaintiff is a consumer within the meaning of the Arizona Debt Collection and

20   Consumer Protection Statute **R20-4-1501**.

21   (58)   Defendants RECONTRUST and CAVE are "debt collectors" within the meaning of

22   the Arizona Debt Collection and Consumer Protection Statute **R20-4-1501**.

23   (59)   Defendants DVOREN and NEUMEYER are also "debt collectors" acting as counsel

24   for Defendants RECONTRUST and CAVE and fall within the meaning of the Arizona Debt

25   Collection and Consumer Protection Statute **R20-4-1501**.

26   (60)   Defendants RECONTRUST, CAVE, DVOREN and NEUMEYER have violated the

27   Arizona Debt Collection and Consumer Protection Statutes. Defendant's violations include, but are

28   not limited to, the following:

29   (a)   violation of **R20-4-1507(1)** for failure to represent itself as a collection agency;

30
31   (b)   violation of **R20-4-1509(C)** for threatening to file legal proceedings
32   which would amount to foreclosure;

33
34   (c)   violation of **R20-4-1511(A)** for using oppressive tactics designed to
35   harass Plaintiffs to pay an alleged debt;

36
37   (d)   violation of **R20-4-1513(B)(2)** by willfully communicating with Plaintiffs to
38   collect an alleged debt AFTER receiving a cease and desist, as well as all other
39   notices as outlined in paragraph 68 above;

| Plaintiffs Complaint | Case: |
| --- | --- |

(e)    violation of **R20-4-1513(D)** by willfully continuing to communicate with Plaintiffs AFTER it received the written request to cease and desist.

(f)    violation of R20-4-1514(B) and (C) for failure to allow Plaintiff access to any of the records relative to the alleged debt and failure to provide copies of its evidence of the debt to Plaintiffs when requested.

(g)    violation of **R20-4-1518** for failure to validate and verify the alleged debt by providing written records between the creditor and the collection agency. The records should state:

    (i)    The names of the parties to the agreement or written direction;

    (ii)    The terms or rate of compensation paid to the collection agency;

    (iii)    The length of time the agreement or written direction is intended to be in effect; and

    (iv)    Any conditions regarding collection of a particular debt.

(h)    violation of **R20-4-1521** for failure to provide copies of its evidence of the debt to the Plaintiff and for failure to investigate claims presented by the Plaintiffs.

**WHEREFORE**, for all the reasons set forth in the paragraphs above, Plaintiff demands judgment for damages against Defendants RECONTRUST, CAVE, DVOREN and NEUMEYER for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to the Arizona Debt Collection and Consumer Protection Statutes.

**COUNT VII**
**VIOLATION OF BCAP LLC TRUST 2007-AA2**
**POOLING AND SERVICING AGREEMENT**

(56)    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

(57)    Defendants COUNTRYWIDE, BAC and BOA are in violation of Section 2.01 of the BCAP LLC TRUST 2007-AA2 PSA for their failure to properly endorse the note and assign the deed of trust by cut-off date of the PSA which is March 1, 2007.

(58)    Defendants COUNTRYWIDE, BAC and BOA are also in violation of the BCAP LLC TRUST 2007-AA2 PSA for their *Assignment of the Deed of Trust* on April 15, 2010, almost three (3) years AFTER the cut-off date of the PSA, rendering it invalid and void.

| Plaintiffs Complaint | Case: |
|---|---|

1   (59)   The note is defective for lack of proper endorsement to the Defendants who claim to

2   have interest in it.

3   (60)   Not conveying the notes is a standard practice with COUNTRYWIDE. (EXHIBIT 5)

4   **WHEREFORE,** for all the reasons set forth in the paragraphs above, Plaintiff demands that

5   the *Assignment of Deed of Trust* filed in the Pima County Recorder's Office on April 19, 2010

6   (Docket 13790, Page 2566) be declared invalid and void.  Plaintiff further asks this court to rule the

7   entire loan null and void.

## COUNT VIII
## DECEPTIVE BUSINESS PRACTICES
## ASSIGNMENT OF DEED OF TRUST IS INVALID

8
9
10
11
12   (61)   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

13   (62)   Defendants BAC, BOA and MERS have filed an *Assignment of Deed of Trust* on

14   April 19, 2010 (Docket 13790, Page 2566).

15   (63)   The Assignment is dated and signed on April 15, 2010 by D.R. Couch, Assistant

16   Secretary of MERS and assigns and transfers to Deutsche Bank National Trust Company, as Trustee

17   on Behalf of BCAP LLC Trust 2007-AA2.

18   (64)   Defendants BAC, BOA and MERS have filed a *Substitution of Trustee* on April 19,

19   2010 (Docket 13790, Page 2568).

20   (65)   Plaintiffs would like to introduce into evidence this 60 Minutes program from CBS

21   Television where Lender Processing Services had hired young individuals for $10 per hour to sign

22   thousands of documents per day on behalf of vice presidents and assistant secretaries for banks and

23   corporations.  http://www.cbsnews.com/video/watch/?id=7361572n

24   (66)   Further, according to an April 7, 2010 170-page-deposition transcript of Mr. William

25   Hultman, Secretary of MERS, Inc., Mr. Hultman stated that he was delegated with the authority "to

26   elect persons" to be officers -- assistant secretaries and vice-presidents -- of MERS.[2]  (EXHIBIT 6)

27   (67)   Mr. Hultman stated that MERS does not have employees[3], and that he had appointed

28   thousands of assistant secretaries.[4]

---

[2]   Exhibit 6, page 61.
[3]   Exhibit 6, page 69.
[4]   Exhibit 6, page 71.

Plaintiffs Complaint | Case:

1   (68)   Mr. Hultman added that the MERS Corporate Resolution does not authorize the

2   certifying officers to assign a promissory note, that MERS cannot sell the mortgage and receive

3   consideration or monetary value, and that MERS does not pay any taxes on properties' assets.[5]

4   (69)   Pursuant to the Assignment of Mortgage, there is no evidence that Deutsche Bank

5   National Trust Company, as Trustee on behalf of BCAP LLC Trust 2007-AA2 paid anything to

6   MERS as a consideration for the mortgage.

7   (70)   Therefore, there is no evidence that Deutsche Bank National Trust Company is entitled

8   to collect anything from Defendant.

9   (71)   Furthermore, Mr. Hultman also stated that MERS does not have an ownership interest

10  in the promissory note.[6]

11  (72)   Therefore, Deutsche Bank National Trust Company never acquired an ownership

12  interest in the promissory note -- therefore, Deutsche Bank National Trust Company cannot collect on

13  the alleged debt and is not the real party in interest.

14  (73)   Further, MERS has been issued a "cease and desist" order and documents signed by

15  MERS are invalid and void.  (EXHIBIT 100)

16  **WHEREFORE,** for all the reasons set forth in the paragraphs above, Plaintiff demands that

17  the *Assignment of Deed of Trust* filed in the Pima County Recorder's Office on April 19, 2010

18  (Docket 13790, Page 2566) be declared invalid and void.

19
20  

### COUNT IX
### VIOLATION OF PARAGRAPH 24 OF DEED OF TRUST

21

22  (74)   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

23  (75)   Defendants COUNTRYWIDE, BAC, BOA, MERS and RECONTRUST have filed a

24  *Substitution of Trustee* on April 19, 2010 (Docket 13790, Page 2568).

25  (76)   Paragraph 24 of the Deed of Trust states that the "LENDER may, for any reason or

26  cause, from time to time, remove Trustee and appoint a Successor Trustee." This paragraph does not

27  state that successors, assigns, or nominees may appoint a Successor Trustee. The Lender as defined

28  on page 1 of the Deed of Trust is UAMC, therefore, the Substitution of Trustee is invaid as it was

29  executed by an officer of MERS and not the Lender.

---

[5]   Exhibit 6, page 121-122.
[6]   Exhibit 6, page 138.

Plaintiffs Complaint | Case:

(77)   On page 2, paragraph H of the Deed of Trust states: "a debt evidenced by a note". Therefore, the "Note" is relevant and will be material evidence in this matter.  Defendants failure to produce the "Note" as said evidence will only leave this Court to conclude that the debt does not exist.

(78)   There is nothing in American jurisprudence that would allow this Court to conclude facts not in evidence are still facts and use evidence that does not exist to this Court as evidence in Defendants favor.

(79)   Until such a time as this Court has the evidence that Defendants claim establishes the debt does exist, the debt does not exist to this Court.

(80)   Absent a debt, the loan does not exist, absent the loan, the Deed OF Trust does not exist, absent a valid Deed Of Trust; therefore the foreclosure documents are nothing more than prima facie evidence of Defendants felonious act of attempting to steal Plaintiff's real property by filing false and/or forged documents into a public office in Arizona; a felony under **A.R.S. § 39-161**.

(81)   *Substitution of Trustee* was signed by Naomi Dudek,  Assistant Secretary of Deutsche Bank National Trust Company, as Trustee on behalf of BCAP LLC Trust 2007-AA2.

(82)   Deutsche Bank National Trust Company is not the Lender on the Deed of Trust.

(83)   The *Assignment of Deed of Trust* from MERS to Deutsche Bank National Trust Company is invalid and void, therefore, the *Substitution of Trustee* is also invalid and void.

(84)   A *Notice of Removal of Trustee* was filed in the Pima County Recorder's Office on March 1,2010 removing North American Title Company as Trustee and naming North American Trust Title as the new Trustee, therefore, the *Substitution of Trustee* dated April 19, 2010 from Deutsche Bank National Trust Company to RECONTRUST is invalid and void.

**WHEREFORE**, for all the reasons set forth in the paragraphs above, Plaintiff demands that the *Substitution of Trustee* filed in the Pima County Recorder's Office on April 19, 2010 (Docket 13790, Page 2568) be declared invalid and void.

## COUNT X
## VIOLATION OF ARS §33-411.01, §33-412, §32-1055(D)(3)

(85)   Defendants COUNTRYWIDE, BAC, BOA, MERS and RECONTRUST are in violation of **A.R.S. §33-411.01** which states that "**Any document evidencing the sale or transfer of**