# EXHIBIT "A"
# PART 4 OF 5

| Plaintiffs Complaint | Case: |
|---|---|

1  **real estate shall be recorded in the county in which the property is located and within sixty days**
2  **of the transfer."**
3  (86)  Defendants COUNTRYWIDE, BAC, BOA, MERS and RECONTRUST are in
4  violation of **A.R.S. §33-412** which states that "Deed of trust and mortgages of whatever kind, shall be
5  void as to creditors and subsequent purchasers for valuable consideration without notice, **unless they**
6  **are acknowledged and recorded in the office of the county recorder as required by law**."
7  (87)  Plaintiff is unable to locate any *Assignment of Deed of Trust* on file with the Pima
8  County Recorder's Office between the original Lender UAMC and COUNTRYWIDE, BAC, BOA,
9  MERS, RECONTRUST or any other entity.
10  (88)  The *Assignment of Deed of Trust* which Plaintiff has been able to locate is from MERS
11  to Deutsche Bank National Trust Company as Trustee on behalf of BCAP LLC Trust 2007-AA2 and
12  wasn't recorded until April 16, 2010 which is almost three (3) years after the cut-off date required by
13  the Pooling and Servicing Agreement for the BCAP LLC Trust 2007-AA2, thus making it null and
14  void. Filing the Assignment of Deed of Trust three (3) years late violates the Real Estate Mortgage
15  Investment Conduit ("REMIC") again by trying to convey a defaulted loan back into the trust as a fix
16  for not doing the assignment properly at cut-off date. This is a PSA violation as only "performing"
17  assets can be placed in a REMIC trust. The trust can not accept any mortgage that is in default.
18  (89)  The *Substitution of Trustee* signed on April 15, 2010 by Deutsche Bank National Trust
19  Company, as Trustee on behalf of BCAP LLC Trust 2007-AA2, shows a substitution from North
20  American Title Company to RECONTRUST.
21  (90)  Trustee of record on April 15, 2010 was not North American Title Company but North
22  American Trust Title. This was recorded in the Pima County Recorder's Office on March 1, 2010.
23  (Docket 13755, Page 31).
24  (91)  The *Substitution of Trustee* filed on April 15, 2010 by Deutsche Bank National Trust
25  Company is therefore invalid and void.
26  (92)  Plaintiffs are informed and believe and thereupon allege that Defendants and each of
27  them, in taking the actions aforementioned, have violated provisions of **A.R.S. §32-1055(D)(3)** by
28  failing to keep a record of monies collected and the remittance of these monies.
29  (93)  Defendants' failure to do so is proven by their failure to provide any such evidence to
30  Plaintiffs prior to this litigation – by failing to respond to Plaintiffs QWR requests.
31  (94)  Defendants should be penalized pursuant to **A.R.S. §32-1056**.

| Plaintiffs Complaint | Case: |
|---|---|

(95)  Defendants also violated the Federal Fair Debt Collections Act and the Real Estate Settlement Procedures Act (RESPA), **12 U.S.C. §§ 2601-2617.**

(96)  The Court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably stopped from taking any further action against the subject property.

**WHEREFORE**, for all the reasons set forth in the paragraphs above, Plaintiff demands that the *Assignment of Deed of Trust* filed April 19, 2010 (Docket 13790, Page 2566) and the *Substitution of Trustee* also filed in the Pima County Recorder's Office on April 19, 2010 (Docket 13790, Page 2568) be declared invalid and void.

## COUNT XI
## INJUNCTIVE RELIEF PURSUANT TO A.R.S. §12-1801

(97)  Plaintiffs hereby move the Court to cancel, stay, or hald Defendants' wrongful sale of Plaintiffs' property, currently scheduled for sale on **June 17, 2011**.

(98)  Plaintiff submitted a "Qualified Written Request" to Defendant BAC. So far, no responses were received.

(99)  Until such time as any of the foreclosing Defendants can provide to the Plaintiffs a detailed analysis of the amounts they contend are due and owing on the Note and Deed at issue, and provide a breakdown of the amounts due and owing on the Note and Deed, Plaintiffs request the entry of an injunction to enjoin Defendants' action pursuant to **A.R.S. §12-1801** and pursuant to the principles of equity.

(100) In the past, the Ninth Circuit used two separate sets of criteria for determining whether to grant preliminary injunctive relief.

(101) Under the traditional test, a Plaintiff must show:
 a. a strong likelihood of success on the merits,
 b. the possibility of irreparable injury to plaintiff if preliminary relief is not granted,
 c. a balance of hardships favoring the plaintiff, and
 d. advancement of the public interest (in certain cases)

(102) The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury OR that serious questions are raised and the balance of hardships tips sharply in his favor. *Taylor v. Westly, 488 F.3d 1197, 1200*

| Plaintiffs Complaint | Case: |
|---|---|

(9th Cir.2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

(103)   The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008)* (rejecting the Ninth Circuit's alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its alternative test was overruled by *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.2009) (quoting Winter, 129 S.Ct. at 374).*

(104)   Plaintiffs will be irreparably injured if the parties are not enjoined, in that they will suffer complete loss of their unique real property, which is not capable of being duplicated.

(105)   Plaintiffs would suffer great personal injury by the infliction of emotional distress upon Plaintiffs who are already under duress and other damages personal to Plaintiffs – including defamation of their credit.

(106)   Any potential harm to the Defendants is slight when compared to the damage to be suffered by Plaintiffs and the equities balance and tip heavily in favor of Plaintiffs.

(107)   Plaintiffs have no other adequate remedy at law.

(108)   Plaintiffs seek entry of a preliminary injunction on an ex parte basis without notice to the names Defendants in that, were the Defendants given advance notice of these proceedings they would in all likelihood seek to accelerate the damage.

(109)   Plaintiffs have a good likelihood of prevailing on the merits of the claim due to the nature and extent of Defendants' violations.

(110)   Plaintiffs will suffer extreme hardship in the absence of stay.

(111)   Defendants will not be irreparably injured by the issuance of a stay given the obscene profits Defendants already have made.

WHEREFORE, Plaintiffs assert that Defendants are wrongfully foreclosing for the reasons outlined in this pleading.  Since the substituted Trustee is not a proper trustee, and since the MERS Assignment is not a valid assignment, a wrongful foreclosure is taking place and a wrongful sale of property is about to take place on **June 17, 2011**.  Plaintiffs are entitled to injunctive relief.

| Plaintiffs Complaint | Case: |
|---|---|

## COUNT XII
## NEGLIGENCE AND NEGLIGENCE PER SE

(112) A prima facie claim for negligence consists of four elements: (1) duty; (2) breach; (3) causation; and (4) damages.

(113) The foreclosing entity in this case is RECONTRUST, represented by DVOREN and NEUMEYER of the law firm BRYAN CAVE LLP.

(114) Deutsche Bank National Trust Company, as Trustee on behalf of BCAP LLC Trust 2007-AA2 substituted RECONTRUST as the Trustee on April 19, 2010.

(115) If the *Substitution of Trustee* filed on April 19, 2010 was infirm, as appears to be the case, then either of these entities could be liable for negligence in foreclosure.

(116) There is no evidence to prove that Deutsche Bank National Trust Company had the right to substitute RECONTRUST as Trustee or that RECONTRUST has the right to foreclose.

## COUNT XIII
## DEFENDANTS LACK STANDING TO FORECLOSE

(117) The obligation to produce the original note and contract has always been a key requirement of the common law of contracts, and this requirement is enshrined by statute in **A.R.S. §47-3302.**

(118) The Court, on its own initiative, should inquire into the standing of Defendants seeking to foreclose.

(119) Standing must be established before a foreclosure can take place.

(120) The party seeking to foreclose must prove its standing and entitlement to foreclose.

(121) Only the person who is the holder in due course of the note has standing to enforce the note.

(122) For the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument.[7]

(123) Since there is no evidence that any of the Defendants hold the note, then they do not have standing to pursue any action arising from the mortgage obligation.

(124) Plaintiffs are not in the possession of any documents that would prove that any of the Defendants are a holder in due course.

---

[7] *See* UCC §\-201 (20) and comments.

| Plaintiffs Complaint | Case: |
|---|---|

(125) Arizona Law does require from Defendants to prove that they are entitled to enforce the Note and Deed of Trust.

(126) Pursuant to **A.R.S. §47-3301**, the person entitled to enforce the instrument means the holder of the instrument.

(127) There is no evidence that any of the Defendants is the holder of the instrument.

(128) They all fail to meet the criteria of a holder in due course as outlined under **A.R.S. §47-3302**.

(129) It would be required for each of the Defendants to provide straightforward answers as to 1) which Defendant, if any, is entitled to foreclose and to present any admissible evidence that would support the assertion; and 2) to provide the documents which demonstrate the uninterrupted ownership of the subject Notes and Deeds of Trust from closing until today.

(130) Pursuant to **A.R.S. §47-3203(A)**, "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."

(131) Pursuant to **A.R.S. §47-3203(B)**, "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument." There is no evidence on the record as to who should be in possession of the instrument in order to have "the right to enforce the instrument."

(132) Defendants not only should be "in possession" of the instrument pursuant to **A.R.S. §47-1201(20)(a),** they should also be in possession of a "genuine" instrument (free of forgery or counterfeiting) pursuant to **A.R.S. §47-1201(18).**

(133) Plaintiffs are not aware that any of the Defendants meets the criteria outlined herein pursuant to Arizona law.

(134) Therefore, Defendants lack any legitimacy to foreclose, and the foreclosure sale should be suspended.

### TRIAL-BY-JURY

(135) Plaintiffs demand a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law.

(136) Plaintiffs demand an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.

1  WHEREFORE, Plaintiffs have suffered the following injuries:
2  a. Loss of labor which Defendants received to unjustly enrich yourselves; and
3  b. Loss of property which Defendants received to unjustly enrich yourselves; and
4  c. Loss of opportunity because time spent beyond the terms of the agreement is time spent
5     not servicing other business opportunities; and
6  d. Anguish; and
7  e. Statutory, Compensatory and Punitive damages; and
8  f. Loss of a previously excellent credit rating; and
9  g. Plaintiff's public humiliation due to credit rejection.
10 WHEREFORE, for the reasons set forth in the paragraphs above, Plaintiff hereby move this
11 court to;
12   a. Seek an ORDER declaring Defendants, each of them, to have no
13      legal title, right, or interest in the subject property; and
14   b. Seek an ORDER declaring Defendants, each of them, be forever
15      estopped from asserting any estate, right, title or interest in the
16      subject property adverse to Plaintiff herein; and
17   c. Suspend the attempted sale of the property currently scheduled for
18      **June 17, 2011**, to declare the mortgage a nullity, to zero out the
19      promissory note (if it even exists, and particularly if a mortgage
20      insurer paid it off); and
21   d. Grant Plaintiffs a quiet title, to order the release of any lien that
22      may exist; and
23   e. Order the Defendants to clean up the credit report from any
24      negative entries caused by them; and
25   f. Order Defendants to pay treble damages for conducting practices alleged
26      herein, pursuant to **A.R.S.§ 13-2314**.
27   g. Plaintiffs request this Court find Defendants liable to pay all costs of Court
28      which Plaintiffs have incurred or will become obligated to pay as a result of
29      the instigation, filing, and prosecution of this lawsuit.
30   h. Plaintiffs request this Court find Defendants liable for general damages

| Plaintiffs Complaint | Case: |
|---|---|

              in the amount of $250,000 for extended emotional stress and incalculable harm to Plaintiffs due to their unlawful foreclosure attempt.

    i. Plaintiffs request this Court find every Defendant attempting to foreclose liable for punitive damages for failing to make a "reasonable inquiry" pursuant to Ariz. R. Civ. P. on their claim that they have a right to foreclose and to hold a Trustee's sale.

    j. Order any other and further relief as the Court may deem just and proper.

We, Michael B Sparlin and Sharon J Sparlin, do affirm that the information stated is true, correct and not meant to be misleading in any manner.

Respectfully Submitted,

_____         _____
Michael B Sparlin                                 Sharon J Sparlin