# EXHIBIT "A"

BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., Bryan Cave LLP, Michael B. Dvoren, Esq., and Coree E. Neumeyer, Esq.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>              Plaintiffs,<br><br>     vs.<br><br>Chase Home Finance; JPMorgan Chase & Co.; BAC Home Loans Servicing, LP; and Bank of America, N.A.,<br><br>              Defendants.<br>_____<br><br>Michael Benson Sparlin and Sharon Jeanette Sparlin, husband and wife,<br><br>              Plaintiffs,<br><br>     vs.<br><br>Countrywide Home Loans, Inc., BAC Home | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>No. CV 11-371-TUC-DCB<br><br>**DEFENDANTS' MOTION TO TRANSFER CASE NO. CV 11-371-TUC-DCB** |

693859.2

| | |
|---|---|
| 1<br>2<br>3<br>4 | Loans Servicing, LP, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., Bryan Cave LLP, Michael B. Dvoren, Esq., and Coree E. Neumeyer, Esq.,<br><br>                    Defendants. |

Defendants Countrywide Home Loans, Inc. ("Countrywide"), BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A. ("BofA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Recontrust Company, N.A. ("ReconTrust"), Bryan Cave LLP ("Bryan Cave"), Michael B. Dvoren, Esq. ("Dvoren"), and Coree E. Neumeyer, Esq. ("Neumeyer"), (collectively, the "Defendants"), by and through counsel undersigned, move to transfer <u>Sparlin, et al. v. Countrywide Home Loans Inc., et al</u>. (CV 11-371-TUC-DCB) ("Sparlin III") to Judge Frank R. Zapata's docket pursuant to LR Civ 42.1. On March 25, 2011, Judge Zapata dismissed with prejudice, <u>Sparlin, et al. v. BAC Home Loans Servicing, LP, et al</u>. (CV 10-507-TUC-FRZ (consolidated under CV 10-503-TUC-FRZ)) ("Sparlin II").[1] Sparlin II is currently on appeal to the Ninth Circuit. For the reasons set forth below, the factors considered under LR Civ 42.1 favor the requested transfer.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court's local rules provide for transfer of cases to the same judge when, among other reasons, the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different Judges." LR Civ 42.1(a). This Court may consider four non-exclusive factors when determining the judge to whom a case should be transferred: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is

---

[1] Since Sparlin II is the lowest case number assigned to a District Judge, Judge Zapata should decide this motion. LR Civ 42.1(a).

2

693859.2

1  reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of
2  judicial economy." LR Civ 42.1(d).

3  The Ninth Circuit affords district courts especially broad discretion when applying
4  their own local rules, including LR Civ 42.1.  Badea v. Cox, 931 F.2d 573, 575 (9th Cir.
5  1991) ("District court judges have broad discretion regarding the assignment or reassignment
6  of cases."). A party moving for transfer need not demonstrate that all of the considerations
7  listed in LR Civ 42.1 are present in the case for transfer to be appropriate. Gagan v. Estate of
8  Sharar, 2008 WL 2810978, *2 (D. Ariz. Jul. 18, 2008) (slip copy). The Court need not find
9  that two cases are "exact[ly]" similar before ordering a transfer; the standard, rather, is
10 whether the cases involve "substantially the same" parties or legal issues. Parra v. Bashas',
11 Inc., 2009 WL 1024615, *5 (D. Ariz. Apr. 15, 2009) (slip copy). Indeed, even where two
12 cases have "little in common," it would not be an abuse of discretion to transfer both to the
13 same judge. Id. at *4.

14 Sparlin II and Sparlin III are identical in almost all respects. [Compare CV 10-507
15 Doc. No. 1 and CV 10-503 Doc. No. 28 with CV 11-371 Doc. No. 1-2–1-5, Exhibit A]. Both
16 cases arise from Plaintiffs' loan obtained to purchase the real property located at 7922 South
17 Clarkson Court in Tucson, Arizona ("Property"). See LR Civ 42.1(a)(1). Both cases involve
18 Plaintiffs, BAC, BofA, and the Property. See LR Civ 42.1(a)(2). Plaintiff's complaints in
19 both cases state nearly identical theories and claims such that the Court must determine
20 substantially the same questions of law.[2] See LR Civ 42.1(a)(4). Finally, having Judge Bury
21 reside over Sparlin III would entail a substantial duplication of labor because Judge Zapata is
22 already familiar with the Property, the parties, the facts, the history, and the questions of law
23 at issue in both Sparlin II and Sparlin III. See LR Civ 42.1(a)(5).

---

[2] Defendants intend to file a motion to dismiss the Sparlin III Complaint on *res judicata* grounds. [See CV 11-371 Doc. No. 1-2–1-5, Exhibit A]  Given that Judge Zapata adjudicated and dismissed with prejudice, the same claims and theories in Sparlin II, he is most familiar with the issues Defendants will present in their forthcoming motion to dismiss.

3

693859.2

1  The factors considered under LR Civ 42.1(d) also favor transferring Sparlin III to Judge Zapata. Under LR Civ 42.1(d)(1), Judge Zapata considered nearly all of the same theories and claims in Sparlin II that Plaintiff's allege in Sparlin III. Under LR Civ 42.1(d)(2), Judge Zapata has the most familiarity with the issues involved in both cases, having already adjudicated Sparlin II. Finally, under LR Civ 42.1(d)(4), the interest of judicial economy is best served by transferring Sparlin III to Judge Zapata for all of the reasons set forth above.

**Relief Requested**

For the foregoing reasons, Defendants respectfully request that Sparlin III, CV 11-371-TUC-DCB, be transferred to Judge Frank R. Zapata's docket pursuant to LR Civ 42.1.

RESPECTFULLY SUBMITTED this 30th day of June, 2011.

BRYAN CAVE LLP

By:  /s/ Michael B. Dvoren
　　　Robert W. Shely
　　　Coree E. Neumeyer
　　　Michael B. Dvoren
　　　Two N. Central Avenue, Suite 2200
　　　Phoenix, Arizona 85004-4406

Attorneys for Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., Bryan Cave LLP, Michael B. Dvoren, Esq., and Coree E. Neumeyer, Esq.

4

693859.2

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy via U.S. mail to:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per

By: /s/ Sally Erwin

5

693859.2